**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | : | |
| JANE DOE, | : | |
| | : | |
| Plaintiff, | : | NO. 2:22-cv-02689-CMR |
| | : | |
| v. | : | |
| | : | |
| UNIVERSITY OF PENNSYLVANIA, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**MEMORANDUM OF DEFENDANT TRUSTEES OF THE UNIVERSITY OF
PENNSYLVANIA IN OPPOSITION TO PLAINTIFF'S MOTION TO PROCEED
UNDER PSEUDONYM AND FOR PROTECTIVE ORDER**

**TABLE OF CONTENTS**

**Page**

**INTRODUCTION**..................................................................................................................1

**LEGAL STANDARD** ........................................................................................................ 2

**ARGUMENT**..................................................................................................................... 3

**CONCLUSION** ................................................................................................................. 5

i

**TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*Doe v. Megless*,
  654 F.3d 404 (3d Cir. 2011).............................................................................................1, 2, 3

*Doe v. Temple Univ.*,
  No. CIV.A. 13-5156, 2014 U.S. Dist. LEXIS 127185 (E.D. Pa. Aug. 6, 2014)....................4, 5

*Doe v. Temple Univ.*,
  No. CIV.A. 14-04729, 2014 WL 4375613 (E.D. Pa. Sept. 3, 2014) ............................... passim

*Roubert v. Amazon*,
  CIV.A. NO. 21-3091, 2022 WL 2356770 (E.D. Pa. June 29, 2022) .....................................3, 5

**FEDERAL RULES**

Federal Rule of Civil Procedure 26(c) ................................................................................................3

**INTRODUCTION**

"Federal courts strongly prefer open, public proceedings." *Doe v. Temple Univ.*, No. CIV.A. 14-04729, 2014 WL 4375613, at *1 (E.D. Pa. Sept. 3, 2014). "Identifying parties to [a] proceeding is an important dimension of publicness. The people have a right to know who is using their courts." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011). Narrow exceptions exist in limited circumstances, but "embarrassment or economic harm are not recognized bases to conceal a litigant's identity." *Temple Univ.*, 2014 WL 4375613, at *1 (quotations omitted). Here, embarrassment or economic harm are the very grounds upon which Plaintiff bases her requests to proceed pseudonymously and for a protective order precluding Defendant Trustees of the University of Pennsylvania (the "University")[1] from "disclosing Plaintiff's identity, through court filings or otherwise." (Doc. 3, Pl.'s Memo of Law, p. 1.)

The Court should deny Plaintiff's motion. Courts in this district have declined to allow parties to proceed pseudonymously in analogous cases where plaintiffs expressed concern over potential reputational damage that could hinder their ability to attend professional school. The reasoning in those cases is persuasive and equally applicable here. Moreover, proceeding pseudonymously in this action would not negate Plaintiff's concerns; nearly every professional school requires applicants to disclose whether they have been accused of academic misconduct at prior institutions. In other words, lawsuit or not, Plaintiff very likely will have to disclose the underlying charges against her if she wishes to attend medical school.

It also bears mention that while Plaintiff expresses a strong preference to conceal her identity, she does not believe others are deserving of similar treatment. The complaint references a professor by name more than three dozen times while accusing him of racial discrimination, and

---

[1] The complaint identifies the defendant incorrectly as "University of Pennsylvania."

mentions names of other administrators in similarly disparaging allegations, all while seeking to hide behind a cloak of anonymity.

For each of these reasons, explained more fully below, the University respectfully requests that the Court deny Plaintiff's motion.

## **LEGAL STANDARD**

Courts have repeatedly recognized the strong presumption in favor of open and public proceedings, including the identification of parties to a proceeding. *See Megless*, 654 F.3d at 408 (identifying parties to a proceeding is "an important dimension of publicness" as people have a right to know who is using their courts). Only in exceptional circumstances have courts allowed litigants to proceed under a pseudonym. *See id.* (permission to proceed under a pseudonym has been granted in cases involving "abortion, birth control, transsexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality"). A party wishing to proceed anonymously must show reasonable fear that severe harm will result from having their name attached to a lawsuit. *See Temple Univ.*, 2014 WL 4375613, at *1 (citations omitted). Embarrassment or economic harm do not rise to the level of severity in harm that would allow a plaintiff to proceed under a pseudonym. *Id*.

The Third Circuit uses a non-exhaustive list of factors to help determine whether a party may proceed under a pseudonym. Factors weighing in favor of anonymity include:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being

publicly identified; and (6) whether the party seeking to sue
pseudonymously has illegitimate ulterior motives.

*Megless*, 654 F.3d at 409 (quoting *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467-

68 (E.D. Pa. 1997)).

Factors that weigh against anonymity include:

(1) the universal level of public interest in access to the identities of
litigants; (2) whether, because of the subject matter of this litigation,
the status of the litigant as a public figure, or otherwise, there is a
particularly strong interest in knowing the litigant's identities,
beyond the public's interest which is normally obtained; and
(3) whether the opposition to pseudonym by counsel, the public, or
the press is illegitimately motivated.

*Id*.

Under Federal Rule of Civil Procedure 26(c), courts may enter protective orders

"for good cause."  Good cause is established by showing that disclosure will result in a

clearly defined and serious injury to the party seeking a protective order.  *See Roubert v.*

*Amazon*, CIV.A. NO. 21-3091, 2022 WL 2356770, at *2 (E.D. Pa. June 29, 2022).  "Broad

allegations of harm, unsubstantiated by specific examples or articulated reasoning, are not

sufficient."  *Id*. (quotations omitted).  And, "[t]he burden of justifying the . . . protective

order remains on the party seeking the order."  *Id.* (quotations omitted).

## ARGUMENT

"[O]ne of the essential qualities of a Court of Justice [is] that its proceedings should be

public."  *Temple Univ.*, 2014 WL 4375613, at *1 (quotations omitted).  A plaintiff's decision to

file suit in federal court therefore "comes with a consequence" – public disclosure of one's identity.

Plaintiff believes she will suffer from having her name associated with the allegations of

academic misconduct outlined in her complaint.  Weighing the noted factors, other courts in this

district have concluded that reputational harm of the type asserted here does not rise to the requisite

3

level of severity necessary to depart from the strong public interest in maintaining open proceedings.

In *Doe v. Temple University*, the plaintiff was expelled after being found responsible for sexually assaulting another student and "filed suit in federal court to seek his exoneration." 2014 WL 4375613, at *1-2. The plaintiff sought to proceed pseudonymously, citing concerns "that he [would] likely be unable to attend medical school" – the identical concern Plaintiff cites here. *Id.* at *2. Notwithstanding the plaintiff's concerns of the reputational harm associated with having his name associated with sexual misconduct, the court explained that his concerns were "exactly the kind of 'embarrassment [and] economic harm' that does not support the use of a pseudonym" and denied his motion. *Id.*

Another court within this district reached the same conclusion in a similar case. In *Doe v. Temple Univ.*, No. CIV.A. 13-5156, 2014 U.S. Dist. LEXIS 127185 (E.D. Pa. Aug. 6, 2014), the plaintiff was expelled from dental school after being found responsible for sexual misconduct. The plaintiff argued that if he was "forced to bring the case in his own name, the exposure may prevent him from being accepted into other dental schools or prevent him from obtaining professional licenses." *Id.* at *5. The court found that plaintiff "essentially argue[d] that anonymity is necessary to prevent possible embarrassment and economic harm, which are insufficient justifications for using a pseudonym." *Id.* So too, here.

Other factors that the Court may choose to consider do not shift the balance in favor of anonymity for Plaintiff in this case. The level of interest the public may have in maintaining Plaintiff's anonymity is not unusually high because Plaintiff "is not a minor, mentally ill, or a member of some other particularly vulnerable class." *Id*. at *6. There is likewise "no atypically weak public interest in knowing the Plaintiff's identity due to the nature of the issues presented,"

4

given that "typically the public has a very strong interest in having access to the litigants' identities." *Id.* at *6-7. There is little evidence that disallowing the use of a pseudonym here will dissuade others from pursuing their rights in court, given the "many examples of plaintiffs proceeding with suits in their own names protesting sexual assault discipline from universities," which involve allegations at least as serious as academic misconduct. *Temple Univ.*, 2014 WL 4375613, at *2 (collecting cases). Additionally, the University does not oppose Plaintiff's use of a pseudonym for any illegitimate reason; the University believes only that the use of a pseudonym in these circumstances is not supported under this circuit's law and the strong presumption in favor of open and public court proceedings – particularly when Plaintiff has no qualms identifying University employees by name repeatedly in that same open and public proceeding.

Finally, Plaintiff relies on her argument in support of her use of a pseudonym as supplying good cause for issuance of a protective order precluding the University from publicly disclosing Plaintiff's identity. (Doc. 3, Pl.'s Memo of Law, p. 5.) It is not clear, as a practical matter, whether the protective order that Plaintiff requests would be necessary if Plaintiff were permitted to proceed pseudonymously. Regardless, the Court should deny Plaintiff's request for a protective order for the same reasons that the Court should deny Plaintiff's request to proceed pseudonymously. Plaintiff has not carried her burden to demonstrate that disclosure of her identity "will work a clearly defined and serious injury" to her. *Roubert*, 2022 WL 2356770, at *2 (quotations omitted).

## CONCLUSION

For each of the foregoing reasons, the University respectfully requests that the Court deny Plaintiff's motion. The University submits with this memorandum a proposed form of order for the Court's consideration.

Dated: July 26, 2022                              Respectfully submitted,

                                                  /s/ James A. Keller
                                                  James A. Keller, Esq.
                                                  Attorney ID No. 78955
                                                  Saul Ewing Arnstein & Lehr LLP
                                                  Centre Square West, 38th Floor
                                                  1500 Market Street
                                                  Philadelphia, PA 19102
                                                  Attorney ID No. 78955
                                                  (215) 972-1964
                                                  james.keller@saul.com

                                                  Patrick F. Nugent, Esq.
                                                  Attorney ID No. 313979
                                                  Saul Ewing Arnstein & Lehr LLP
                                                  1500 Market Street
                                                  Philadelphia, PA 19102
                                                  (215) 972-7134
                                                  patrick.nugent@saul.com

                                                  Kruti B. Patel, Esq.
                                                  Attorney ID No. 329096
                                                  Saul Ewing Arnstein & Lehr LLP
                                                  Centre Square West, 38th Floor
                                                  1500 Market Street
                                                  Philadelphia, PA 19102
                                                  (215) 972-7735
                                                  kruti.patel@saul.com

                                                  *Attorneys for Defendant Trustees of the*
                                                  *University of Pennsylvania*

6