IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DOE**<br><br>                              **Plaintiff,**<br><br>         **v.**<br><br>**UNIVERSITY OF PENNSYLVANIA**<br><br>                              **Defendant.** | **CIVIL ACTION NO. 22-2689** |

## ORDER

Plaintiff brought suit against Defendant University of Pennsylvania alleging violations of Title VI of the Civil Rights Act of 1964 ("Title VI") [1] and breach of contract. Plaintiff has filed a motion for leave to proceed in this lawsuit under the pseudonym "Jane Doe." Plaintiff further requests that the Court permit her to protect the identities of two non-party students involved in the events giving rise to her claims. Plaintiff asks that these individuals be respectively referred to by their initials, "H.B." and "A.R." Additionally, Plaintiff's motion seeks a protective order precluding Penn from disclosing Plaintiff's identity through court filings or otherwise. For the reasons stated below, the motion will be granted as to the non-party students' anonymity, but denied as to the remainder of the relief sought.

    **I.**    **Facts Alleged in the Complaint**

At all times relevant to this action, Plaintiff was a student in Penn's Pre-Med Post-Baccalaureate Program ("the Program"). Plaintiff began the Program in May 2020, and had planned to apply to medical school upon its completion in Spring 2021. Plaintiff asserts that

---

[1] 42 U.S.C. § 2000d *et seq.*

Professor Simon Tong created a discriminatory environment in her chemistry lab class by making the course "more difficult for Plaintiff," who was the only South Asian female in the class.[2] Plaintiff avers that Professor Tong "would not grant Plaintiff's [request for an] extension . . . due to her race, [but] granted an extension to the class when other, non-minority, students joined in the request."[3]

Plaintiff avers that towards the end of the Program, her classmate H.B. emailed her questions regarding a final lab report that each student was required to complete ("the Lab Report"). Plaintiff alleges that H.B. sent this email on behalf of A.R., another classmate who had initially asked H.B. the same questions. Plaintiff replied to H.B.'s email the same day, answering the questions and attaching a copy of her completed Lab Report. H.B. then forwarded Plaintiff's Lab Report to A.R., and A.R. used Plaintiff's Lab Report to complete her own.

On May 12, 2021, Plaintiff received notice from the Office of Student Conduct stating that Plaintiff had been accused of violating Penn's Academic Integrity Code by producing a Lab Report substantially similar to that of A.R. On June 7, 2021, Plaintiff submitted a bias incident report to Penn, stating that only Plaintiff and A.R.—two minority female students—had been accused of cheating, while H.B.—a Caucasian male student—had not. Plaintiff then met with the Vice Provost and the Director of the Women's Center at Penn and informed them of Professor Tong's alleged discriminatory conduct. Plaintiff avers that Penn failed to adequately follow up with Plaintiff after this meeting.

---

[2] Compl. [Doc. No. 1] ¶ 26.

[3] Compl. [Doc. No. 1] ¶ 51.

On July 9, 2021, Plaintiff received a letter from Penn formally charging her with an academic integrity violation. After a hearing before a Hearing Panel,[4] Plaintiff was found responsible for violating Penn's Academic Integrity Code, and was sanctioned to a one-and-a-half-year suspension. Plaintiff appealed the decision on September 28, 2021, and the appeal was denied on November 12, 2021.

On July 11, 2022, Plaintiff filed her Complaint against Penn and moved for leave to proceed in this lawsuit under the pseudonym "Jane Doe."[5] Plaintiff further requests that non-parties A.R. and H.B. remain anonymous, and that the Court issue a protective order prohibiting disclosure of Plaintiff's identity.

## II.   DISCUSSION

### A.  Use of Pseudonyms

Federal Rule of Civil Procedure 10(a) requires all parties to be named in the case caption.[6] Rule 10(a) "illustrates 'the principle that judicial proceedings, civil as well as criminal, are to be conducted in public.'"[7] Thus, a party will be permitted to proceed on an anonymous basis only in "exceptional cases."[8] Courts have long recognized that the circumstances of a case, particularly where litigants may suffer extreme distress or danger from their participation in the

---

[4] Plaintiff avers that the hearing was "plagued with technical issues and procedural errors" and that these errors "affected Plaintiff's ability to present her case." Compl. [Doc. No. 1] ¶¶ 94, 98. However, these allegations are irrelevant for purposes of deciding the instant motion.

[5] Compl. [Doc. No. 1]; Pl.'s Mot. Proceed Under Pseudonym [Doc. No. 2].

[6] *See* Fed. R. Civ. P. 10(a).

[7] *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (quoting *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997)).

[8] *Id.* (citation omitted).

lawsuit, may justify allowing a party to proceed under a pseudonym.[9] This status has been granted in cases involving "abortion, birth control, transsexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality."[10] However, the potential for embarrassment or economic harm is insufficient.[11]

The Third Circuit has set forth a non-exhaustive list of factors to consider when determining whether to allow a party to proceed under a pseudonym.[12] Those weighing in favor of anonymity include:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.[13]

By contrast, three factors disfavor anonymity:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to

---

[9] *Doe v. Univ. of Scranton*, No. 19-1486, 2020 WL 1244368, at *1 (M.D. Pa. Mar. 16, 2020).

[10] *Megless*, 654 F.3d at 408 (quoting *Doe v. Borough of Morrisville*, 130 F.R.D. 612, 614 (E.D. Pa. 1990)).

[11] *Id.* (citation omitted).

[12] *Id.* at 409 (citing *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997)).

[13] *Id.* (quoting *Provident Life and Acc. Ins. Co.*, 176 F.R.D. at 467-68).

pseudonym by counsel, the public, or the press is illegitimately motivated.[14]

In this case, the potential harm to Plaintiff and those similarly situated is not enough to outweigh the public's interest in an open proceeding. Plaintiff argues that disclosing her name in this action would "permanently associate with her with the[] baseless charges," and may hinder her chances of being accepted into medical school and/or her ability to pursue future career opportunities. In short, Plaintiff argues that anonymity is necessary to prevent possible embarrassment and economic harm, which, as noted above, are insufficient justifications for using a pseudonym.[15] Moreover, at least two cases in this District have specifically held that diminished chances of acceptance into professional schools does not warrant anonymity.[16]

Plaintiff's other arguments in favor of anonymity are similarly unavailing. For instance, Plaintiff asserts that her identity has remained largely confidential, that she may not continue with the case if this motion is denied, and that similarly situated individuals would be deterred from filing comparable suits. As this case involves alleged discriminatory conduct on the part of a university, the public has a strong interest in the outcome, and it would suffer were the case to terminate prematurely. Nonetheless, a plaintiff's "refusal to litigate openly by itself cannot outweigh the public's interest in open trials."[17]

As for Plaintiff's contention regarding similarly situated plaintiffs, she offers no support for her position that such individuals would be dissuaded from vindicating their rights. Indeed,

---

[14] *Id.* (same).

[15] *See Megless*, 654 F.3d at 408 (same).

[16] *See Doe v. Temple Univ.*, No. 14-4729, 2014 WL 4375613, at *2 (E.D. Pa. Sept. 3, 2014); *Doe v. Temple University*, No. 13-5156 (E.D. Pa. Aug. 7, 2014).

[17] *Megless*, 654 F.3d at 410-11.

there are numerous examples of plaintiffs bringing suits in their own names alleging that universities and school districts improperly accused them of cheating based on racial motives.[18] Because Plaintiff's interests in litigating anonymously do not "sufficiently outweigh" the public interest in an open proceeding, her request to proceed under a pseudonym will be denied.[19]

Defendant does not appear to dispute that the non-parties to this matter, A.R. and H.B., should be permitted to remain anonymous. The Court finds that these non-litigants have significant interests in remaining anonymous that are not outweighed by the public interest in an open judicial process.[20] Plaintiff's request as to the non-party students will be granted, and these individuals will be respectively referred to by their initials, "H.B." and "A.R."

### B. Rule 26(c) Protective Order

Under Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[21] The moving party "must show good cause by demonstrating a particular need for protection," and it is insufficient to make "[b]road allegations of harm, unsubstantiated

---

[18] *See, e.g.*, *Stokley v. Bristol Borough Sch. Dist.*, No. 13-3277, 2013 WL 4787297 (E.D. Pa. Sept. 9, 2013); *Releford v. Pennsylvania State Univ.*, No. 10-1621, 2011 WL 900946 (M.D. Pa. Mar. 14, 2011); *Hart v. Univ. of Pittsburgh*, No. 13-399, 2014 WL 4218616 (W.D. Pa. Aug. 25, 2014); *see also Harris v. Saint Joseph's Univ.*, No. 13-3937, 2014 WL 1910242 (E.D. Pa. May 13, 2014) (involving student conduct hearing resulting in plaintiff being found responsible for sexually assaulting defendant).

[19] *Megless*, 654 F.3d at 410.

[20] *See Doe v. Rider Univ.*, No. 16-4882, 2018 WL 3756950, at *3 n.1 (D.N.J. Aug. 7, 2018); *Haque v. Swarthmore Coll.*, No. 15-1355, 2017 WL 3218073, at *1 (E.D. Pa. Jul. 28, 2017) (citation omitted) ("[W]hen protection is being sought for information pertaining to a non-party, broader restrictions can be used to prevent harm to the non-party.").

[21] Fed. R. Civ. P. 26(c)(1).

by specific examples" to prevent disclosure.[22] The Court must "weigh[] the requesting party's need for information against the injury that might result if disclosure is compelled."[23]

Plaintiff does not provide any analysis or discussion regarding her request for a protective order. Rather, she merely states that she is seeking to preclude Penn from disclosing her identity "through court filings or otherwise."[24] To the extent that Plaintiff seeks to rely on the arguments discussed above, these allegations fall short of the "clearly defined and serious injury" required for a protective order.[25] In the absence of a showing of good cause, Plaintiff's request for a protective order will be denied.

**AND NOW**, this 23rd day of March 2023, upon consideration of Plaintiff's Motion for Permission to Proceed Under a Pseudonym and for a Protective Order [Doc. No. 2], the Memorandum in support thereof [Doc. No. 3], and the response thereto [Doc. No. 10], as well as Plaintiff's Motion for Leave to File Notice of Supplemental Authority [Doc. No. 15], it is hereby **ORDERED** as follows:

1. Plaintiff's Motion for Permission to Proceed Under a Pseudonym and for a Protective Order [Doc. No. 2] is **GRANTED in part and DENIED in part**. It is **GRANTED** solely as to her request that the non-party students be respectively referred to by their initials, "H.B." and "A.R." The Motion is **DENIED** as to the use of a pseudonym to protect Plaintiff's own identity, and as to Plaintiff's request for a protective order.

---

[22] *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986) (citations omitted).

[23] *Penn Eng'g & Mfg. Corp. v. Peninsula Components, Inc.*, No. 19-cv-513, 2021 WL 4037857, at *2 (E.D. Pa. Sept. 3, 2021) (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786-87 (3d Cir. 1994)).

[24] Pl.'s Proposed Order [Doc. No. 2-2].

[25] *See Pansy*, 23 F.3d at 786.

Plaintiff shall file an amended complaint identifying her legal name in the caption and complaint within **21 days** of this Order or face dismissal of the complaint.

2. Plaintiff's Motion for Leave to File Notice of Supplemental Authority [Doc. No. 15] is **DENIED as moot**.

It is so **ORDERED**.

                                    **BY THE COURT:**

                                    /s/ **Cynthia M. Rufe**

                                    _____

                                    **CYNTHIA M. RUFE, J.**