**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-1613
_____

JANE DOE,

                        Appellant

v.

UNIVERSITY OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-22-cv-02689)
District Judge: Honorable Cynthia M. Rufe
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 6, 2024

Before: PORTER, MONTGOMERY-REEVES, and ROTH, *Circuit Judges*.

(Opinion filed: May 24, 2024)

_____

OPINION[*]
_____

MONTGOMERY-REEVES, *Circuit Judge.*

Jane Doe appeals the denial of her motion to proceed under a pseudonym in her lawsuit against University of Pennsylvania ("UPenn"). Because Doe alleges harm that

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

does not rise to the level of severity necessary to justify the exceptional relief of anonymity, we will affirm.

I.  BACKGROUND

In 2020, Doe enrolled as a student in UPenn's Pre-Med Post-Baccalaureate Program (the "Program"). She planned to complete the Program in Spring 2021 and apply to medical school. Doe alleges that a chemistry professor in the Program discriminated against her based on her race by denying her extensions, grading her unfairly, and reporting her for academic dishonesty. She reported this discrimination to UPenn. According to Doe, UPenn retaliated by launching a deficient academic integrity investigation, finding she committed academic dishonesty, and suspending her for one and a half years. Doe further contends that

> [b]y improperly suspending Plaintiff and placing a notation on her transcript and disciplinary record, UPenn has damaged Plaintiff's future educational and career prospects. Specifically, as a result of UPenn's actions, Plaintiff will be forced to disclose and explain to medical schools and potential employers to which she may opt to apply that she was disciplined at UPenn for academic dishonesty. . . .
>
> As a result, Plaintiff has suffered and will continue to suffer reputational damage, economic losses, and damages to her future educational and career prospects.

App. 17.

Doe filed suit against UPenn alleging violations of Title VI of the Civil Rights Act of 1964 and breach of contract. She sought to proceed with her claims anonymously, which the District Court denied. This timely appeal followed.

2

## II. DISCUSSION[1]

Doe argues that the District Court erred by denying her motion for leave to proceed under a pseudonym. "The denial of a motion to proceed anonymously is reviewed for abuse of discretion." *Doe v. Coll. of N.J.*, 997 F.3d 489, 493 n.3 (3d Cir. 2021) (citing *Doe v. Megless*, 654 F.3d 404, 407 (3d Cir. 2011)). "A district court abuses its discretion if its decision 'rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact or when no reasonable person would adopt the district court's view.'" *Id.* (quoting *In re Zoloft (Sertraline Hydrochloride) Prods. Liab. Litig.*, 858 F.3d 787, 792 n.22 (3d Cir. 2017)). After considering Doe's arguments on appeal, we cannot conclude that the District Court abused its discretion by denying Doe's request to proceed anonymously.

The ability to proceed anonymously is reserved for exceptional cases. *See Megless*, 654 F.3d at 408. In *Megless*, this Court articulated a two-step test to determine whether a litigant presents an exceptional case. *Id.* at 408–409. First, a litigant must allege a "reasonable fear of severe harm" that will result "from litigating without a pseudonym." *Id.* at 408. Second, if a litigant sufficiently alleges such a harm, then the court employs a balancing test to determine whether the party's reasonable fear of severe harm "outweighs the public's interest in open litigation." *Id.* at 409.

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367. This Court has jurisdiction under 28 U.S.C. § 1291 and the collateral order doctrine. *Coll. of N.J.*, 997 F.3d at 494 ("We therefore join the Fourth, Fifth, Seventh, and Ninth Circuits in concluding that orders denying motions to proceed anonymously are immediately appealable under the collateral order doctrine.").

3

Doe fails at step one, because she has not alleged a reasonable fear of severe harm. "That a plaintiff may suffer embarrassment or economic harm" is not sufficient to allege severe harm under *Megless*. *Id.* at 408. Instead, severe harm has been found in "cases involving 'abortion, birth control, transexuality [sic], mental illness, welfare rights of illegitimate children, AIDS, and homosexuality.'" *Id.* (quoting *Doe v. Borough of Morrisville*, 130 F.R.D. 612, 614 (E.D. Pa. 1990). Doe alleges that she must proceed anonymously to avoid damaging her ability to be accepted to medical school or to secure future employment in the medical profession. But this Court has held that type of harm—embarrassment and economic harm—cannot serve as a basis to proceed under a pseudonym.[2]

Because Doe has not sufficiently alleged a reasonable fear of severe harm from litigating without a pseudonym, the District Court did not abuse its discretion in denying Doe's motion for leave to proceed under a pseudonym.

### III. CONCLUSION

For the reasons discussed above, we will affirm the District Court's order.

---

[2] The cases that Doe cites in her opening brief as support for her proposition that "courts throughout the United States have routinely granted pseudonym treatment in cases involving university misconduct," Opening Br. 12, are all materially distinguishable from the present case. All but one of the cases cited by Doe involved allegations of intimate partner violence, sexual assault, sexual misconduct, or an analogous topic. *See, e.g.*, *Doe v. Princeton Univ.*, No. 20-4352 (BRM), 2020 WL 3962268, at *1 (D.N.J. July 13, 2020); *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 64 (1st Cir. 2022). The final case she cites did not take place in the university context and involved allegations of a prisoner being shackled during childbirth. *Doe v. Middlesex County*, No. 20-8625 (MAS) (ZNQ), 2021 WL 130480, at *1 (D.N.J. Jan. 14, 2021). None of these cases support Doe's argument that the facts underlying her claims are "centered on a private and intimate moment." Opening Br. 15 (quoting *Middlesex County*, 2021 WL 130480, at *6).

4