**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **HARINI REDDY**<br><br>                 **Plaintiff,**<br><br>        **v.**<br><br>**UNIVERSITY OF PENNSYLVANIA**<br><br>                 **Defendant.** | **CIVIL ACTION NO. 22-2689** |

## ORDER

Plaintiff Harini Reddy brings this case against Defendant University of Pennsylvania, alleging retaliation under Title VI of the Civil Rights Act and breach of contract.

The present motions arise from discovery disputes involving Plaintiff's attempt to depose two officers of The University of Pennsylvania and Defendant's refusal to respond to plaintiff's written discovery requests. Discovery is ongoing in this case, and fact discovery is due to conclude today, April 25, 2025.[1] On April 21, 2025, Plaintiff noticed the depositions of Marcia Glickman and Daniel Kessler to occur via Zoom for the date of April 24, 2025.[2] Defendant now moves for a protective order pursuant to Federal Rule of Civil Procedure 26(c) "prohibiting the depositions of any fact witness of the University, including Marcia Glickman and Daniel Kessler."[3] Plaintiff responded in opposition and cross moved for a motion to compel Defendant to respond to Plaintiff's written discovery requests.[4]

---

[1] *See* Order [Doc. No. 39].

[2] Def.'s Mot. for Protective Order, Ex. A [Doc. No. 42-1].

[3] Def.'s Mot. for Protective Order at 1 [Doc. No. 42].

[4] Pl.'s Opp'n to Def.'s Mot. at 1 [Doc. No. 43].

"[T]he scope and conduct of discovery are within the sound discretion of the trial court."[5] Federal Rule of Civil Procedure 26(c) permits the Court to enter a protective order "for good cause" on motion by a party "from whom discovery is sought."[6] Where the party seeking the protective order seeks to prevent a deposition in its entirety, "the movant must show that a clear injustice would occur if the deposition were permitted."[7] "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."[8] The party seeking a protective order bears the burden of persuasion.[9]

Defendant simply argues that because the depositions were noticed four days before the close of discovery, preparing for them will be unduly burdensome, and thus they should not proceed. Defendant provides no specific argument as to how clear injustice would occur if the depositions were permitted to proceed and does not address why the time frame to prepare for the noticed depositions would be unduly burdensome. This is insufficient grounds to prevent the depositions of the noticed individuals in their entirety, particularly when such motions are "generally regarded as unusual and unfavorable."[10]

In addition to opposing Defendant's Motion for a Protective Order, Plaintiff moves to compel Defendant to respond to her written discovery requests. Defendant refused, on the basis that the requests were served less than 30 days before the close of discovery.[11] Ms. Reddy has

---

[5] *Borden Co. v. Sylk*, 410 F.2d 843, 845 (3d Cir. 1969).

[6] Fed. R. Civ. P. 26(c)(1).

[7] *Crossley v. Iroquois Foundry Co.*, Nos. 91-1657, 91-2041, 1992 WL 114956, at *2 (E.D. Pa. May 18, 1992).

[8] *Cipollone v. Litggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986) (citations omitted).

[9] *Id.*

[10] *Crossley*, 1992 WL 114956, at *2 (quoting *Investment Properties Int'l, Ltd. v. IOS, Ltd.*, 459 F.2d 705, 708 (2d Cir. 1972)).

[11] *See* Pl.'s Opp'n to Def.'s Mot. at 4 [Doc. No. 43].

explained the delay in serving the discovery requests was due to a good faith effort—on the part of both parties—to preserve resources and expenses in the hope of mutual resolution. Now that such mutual resolution is not possible, Ms. Reddy has a right to obtain discovery relevant to her case.[12] Defendant's blanket refusal to engage in discovery is inappropriate. A more reasonable response would have been to request a reasonable extension of time to comply with the requests, as they were made prior to the close of fact discovery and delayed given the hope of mutual resolution. Moreover, there have been no prior extensions to the discovery period, and with expert discovery still ongoing, a brief extension of fact discovery for the limited purpose of completing the already propounded discovery will not unduly burden either party.[13] The Court thus finds it reasonable to extend the fact discovery period by one month to allow Plaintiff to depose Marcia Glickman and Daniel Kessler and to allow Defendant time to respond to Plaintiff's written discovery requests.

**AND NOW,** this 25th day of April 2025, upon consideration of Defendant's Motion for Protective Order Regarding Notice of Depositions [Doc. No. 42] and Plaintiff's Cross Motion to Compel Written Discovery [Doc. No. 43], it is hereby **ORDERED** that:

1. Fact discovery shall be completed on or before **May 26, 2025**.

2. Defendant's Motion [Doc. No. 42] is **DENIED**. The depositions of Marcia Glickman and Daniel Kessler shall be held at a time mutually agreeable to the parties, on or before **May 26, 2025**.

---

[12] Fed. R. Civ. P. 26(b)(1).

[13] The Court finds that here, where Plaintiff represents that her delay in serving discovery requests stemmed from an effort to resolve the case and where Plaintiff indeed served the discovery requests prior to the close of fact discovery, good cause exists under Federal Rule of Civil Procedure 16(b)(4) to modify the Court's scheduling order.

3.  Plaintiff's Cross Motion [Doc. No. 43] is **GRANTED**. Defendants shall respond to Plaintiff's written discovery request on or before **May 26, 2025**.

4.  No other case deadlines, as set forth in the Court's November 27, 2024, Scheduling Order,[14] shall be changed.

It is so **ORDERED.**

**BY THE COURT:**

 /s/ Cynthia M. Rufe
_____

**CYNTHIA M. RUFE, J.**

---

[14] *See* Order [Doc. No. 39].